UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| ANTHONY S. THORSBORNE,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 14-08352-AS<br><br>**MEMORANDUM OPINION AND**<br><br>**ORDER OF REMAND** |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On October 28, 2014, Plaintiff filed a Complaint seeking review of the denial of his application for Supplemental Security Income. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 6, 8). On March 5, 2015, Defendant filed an Answer along with the Administrative Record ("AR") and Supplemental Administrative Record

("SAR"). (Docket Entry Nos. 10-12). The parties filed a Joint Position Statement ("Joint Stip.") on May 18, 2015, setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 13).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures In Social Security Case," filed July 29, 2014 (Docket Entry No. 4).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On May 21, 2009, Plaintiff, formerly employed as a painter and glazier (see AR 19, 190-94, 196-98), filed an application for Supplemental Security Income, alleging a disability since September 24, 2007. (See AR 114-20).

Based on Plaintiff's failure to appear at the scheduled hearing, the Administrative Law Judge dismissed the application on July 8, 2011. (See AR 39-43, 75-80).

Based on Plaintiff's submission of a statement showing "good cause" for his failure to appear at the hearing, on December 18, 2012, the Appeals Council vacated the order of dismissal and remanded the case. (See AR 44-46, 81).

On October 29, 2013, the Administrative Law Judge ("ALJ"), Sara A. Gillis, heard testimony from Plaintiff, who was not represented by counsel, and vocational expert Thomas Reed. (See AR 16-36). On January 31, 2014, the ALJ issued a decision denying Plaintiff's application. (See SAR 725-35). After finding that Plaintiff had severe impairments -- seizure disorder, alcohol dependence, lumbar and cervical

degenerative disorder (SAR 727-28),[1] and after finding that Plaintiff does not have an impairment or a combination of impairments that meets or equals the severity of one of the Listings (SAR 728), the ALJ found that Plaintiff had the residual functional capacity[2] ("RFC") to perform light work,[3] with the following limitations: no climbing ropes and scaffolds; occasionally stooping and crouching; frequently balancing, crawling and climbing stairs; occasionally performing overhead reaching with left upper extremity; and avoiding extreme cold, wetness and working around hazards (i.e., heights and dangerous machinery). (SAR 728-33). After finding that Plaintiff could not perform his past relevant work (SAR 733), the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform, and therefore found that Plaintiff was not disabled within the meaning of the Social Security Act. (SAR 733-34).

Plaintiff requested that the Appeals Council review the ALJ's decision. (See AR 7-12). The request was denied on September 11, 2014. (See AR 1-5). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in failing to properly: (1) consider Listing 12.05C; (2) assess the opinion of the

---

[1] The ALJ found that Plaintiff's cognitive disorder was a non-severe impairment. (SAR 727-28).

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b) and 416.967(b).

3

neuropsychological consultative examiner; (3) consider all of Plaintiff's severe impairments; and (4) assess Plaintiff's testimony regarding his pain and limitations. (See Joint Stip. at 3-5, 7-13, 18-22, 27-33, 39-41).

## DISCUSSION

After consideration of the record as a whole, the Court finds that Plaintiff's first claim of error warrants a remand for further consideration. Since the Court is remanding the matter based on Plaintiff's first claim of error, the Court will not address Plaintiff's second through fourth claims of error.

**A.  The ALJ Erred in Failing to Properly Consider Listing 12.05C**

Plaintiff asserts that the ALJ failed to properly consider whether Plaintiff's impairments or combination of impairments met or equaled Listing 12.05C. (See Joint Stip. at 3-5, 7-11). Defendant asserts that "Listing 12.05 is not relevant to Plaintiff's claim that he became disabled when he was an adult and the evidence he relies on is not valid." (See Joint Stip. at 5-7).

If a claimant suffers a severe impairment, the ALJ is required to decide whether the impairment meets or equals one of the listed impairments. See 20 C.F.R. § 416.920(d); Young v. Sullivan, 911 F.2d 180, 181 (9th Cir. 1990); Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir. 1990). Disability is presumed if a claimant's impairment or combination of impairments meets or is medically equivalent to one of the listed impairments. 20 C.F.R. § 416.920(d); Bowen v. Yuckert, 482 U.S. 137, 141-42 (1987); Barker v. Secretary of Health & Human Servs., 882 F.2d 1474, 1477 (9th Cir. 1989). An impairment meets a listed impairment if a claimant has "a medically determinable impairment(s) that satisfies all of the criteria of the listing." 20 C.F.R. §

4

416.925(d); see also Sullivan v. Zebley, 493 U.S. 521, 531 (1990). The criteria of a listed impairment cannot be met solely based on a diagnosis. 20 C.F.R. § 416.925(d); see also Key v. Heckler, 754 F.2d 1545, 1549-50 (9th Cir. 1985). An impairment is "medically equivalent to a listed impairment . . . if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). If an impairment is not described in the listed impairments, or if the combination of impairments does not meet one of the listed impairments, the determination of medical equivalence is based on a comparison of findings (concerning a claimant) "with those for closely analogous listed impairments." 20 C.F.R. § 416.926(b). The decision is based on "all evidence in [a claimant's] record about [his or her] impairment(s) and its effect on [a claimant] that is relevant to this finding" and on designated medical or psychological consultants. 20 C.F.R. § 416.926(c).

Listing 12.05 concerns intellectual disability: "Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. § 404, Subpart P, Appendix 1, Listing of Impairments 12.05. Listing 12.05C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Id.

In the section dealing with the Listings, the ALJ found that "the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.920(d), 416.925 and 416.926)." (SAR 728). As support for that finding, the ALJ wrote, "The claimant's musculoskeletal impairments have not resulted in motor loss, reflex changes, neurological deficits or the

degree of functional loss required by the musculoskeletal listings." (Id.). Thus, it is clear that the ALJ did not consider Listing 12.05C.

As support for his claim that the ALJ failed to consider Listing 12.05C, Plaintiff relies on: (1) the finding by the consultative examiner, Thomas F. Wylie, Ph.D. R.N., a clinical neuropsychologist, following an examination of Plaintiff on April 8 and 9, 2008, that WAIS-III showed that Plaintiff had a full scale IQ score of 70 (see AR 312)[4]; and (2) the finding by the ALJ that Plaintiff had severe physical impairments (seizure disorder, and lumbar and cervical degenerative disorder) (see SAR 727).

Defendant does not challenge the Plaintiff's claim with respect to the second component of Listing 12.05C (i.e., that Plaintiff had a severe physical impairment that imposed a significant work-related limitation of function). It appears that the ALJ's finding that Plaintiff had severe physical impairments satisfied the second component of Listing 12.05C. See 20 C.F.R. § 404, Subpart P, Appendix 1, Listing of Impairments 12.00A ("For [Listing 12.05C], we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, *i.e.*, is a 'severe' impairment(s), as defined in §§ 404.1520(c) and 416.920(c)."); Gomez v. Astrue, 695 F.Supp.2d 1049, 1061-62 (C.D. Cal. Feb. 10, 2010). Instead, Defendant challenges Plaintiff's claim with respect to the first component of Listing 12.05C (i.e., that Plaintiff had a valid full scale IQ of 60 through 70).

Defendant's assertion that the ALJ did not fail to consider whether Plaintiff's impairment or combination of impairments met or equaled Listing 12.05C because Plaintiff is an adult and did not allege the

---

[4] Dr. Wylie also found that Plaintiff had a verbal IQ score of 73 and a performance IQ score of 72. (AR 312).

onset of the intellectual disability impairment before age 22 (see Joint Stip. at 6, citing AR 114 [Plaintiff stated in his application his disability began when he was 47 years old and he "was not disabled prior to age 22"] and 155 [Plaintiff stated in a Disability Report - Adult that he obtained his GED and did not attend special education classes], and AR 308 [the report of Dr. Wylie reflecting that Plaintiff was 48 years old at the time of IQ testing]) fails. Although some Circuit courts have credited low IQ scores after age twenty-two as presumptively satisfying the diagnostic criteria of "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period," see Hodges v. Barnhart, 276 F.3d 1265, 1268 (11th Cir. 2001)("Acknowledging the lack of IQ evidence before age twenty-two, Hodges asserts that absent evidence of sudden trauma that can cause retardation, the IQ tests create a rebuttable presumption of a fairly constant IQ throughout her life. We agree."); Muncy v. Apfel, 247 F.3d 728, 734 (8th Cir. 2001)("Mental retardation is not normally a condition that improves as an affected person ages.... Rather, a person's IQ is presumed to remain stable over time in the absence of any evidence of a change in a claimant's intellectual functioning"); Luckey v. U.S. Dep't of Health and Human Servs., 890 F.2d 666, 668-69 (4th Cir. 1989); but see Markle v. Barnhart, 324 F.3d 182, 188-89 (3d Cir. 2003); Foster v. Halter, 279 F.3d 348, 354-55 (6th Cir. 2001), the Ninth Circuit has not yet decided whether to adopt this presumption. See Frear v. Astrue, 2013 WL 454902, *5 n.6 (C.D. Cal. Feb. 6, 2013); Applestein-Chakiris, 2009 WL 2406358, *8 (S.D. Cal. Aug. 5, 2009).

The Court finds persuasive the reasoning of the Circuit courts and the district courts which have adopted the IQ presumption. See Hodges v. Barnhart, supra; Muncy v. Apfel, supra; Luckey v. U.S. Dep't of Health and Human Servs., supra; Guzman v. Bowen, 801 F.2d 273, 275 (7th Cir. 1986); Flores v. Astrue, 2013 WL 146190, *4 (C.D. Cal. Jan. 11, 2013); Woods v. Astrue, 2012 WL 761720, *3-*4 (E.D. Cal. March 7, 2012);

Forsythe v. Astrue, 2012 WL 2177551, *7 (E.D. Cal. Jan. 24, 2012); Campbell v. Astrue, 2011 WL 444783, *16-*17 (E.D. Cal. Feb. 8, 2011); Schuler v. Astrue, 2010 WL 1443892, *6 (C.D. Cal. April 7, 2010); Walberg v. Astrue, 2009 WL 1763295, *8-*9 (W.D. Wash. June 18, 2009); Jackson v. Astrue, 2008 WL 5210668, *6 (C.D. Cal. Dec. 11, 2008). It is up to the ALJ, not the Court, to address whether the IQ presumption was rebutted by the evidence of Plaintiff's statements that he obtained a GED and did not attend special education classes. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)("But the problem is that we cannot rely on independent findings of the district court. We are constrained to review the reasons the ALJ asserts.")(citing SEC v. Cehery Corp., 332 U.S. 194, 196 (1947) and Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001)).

Defendant asserts that the ALJ did not err in failing to consider Listing 12.05C because the full scale IQ score assessed by Dr. Wylie does not appear to be valid. (See Joint Stip. at 6-7, n.2, citing AR 314-14 [noting the following statements: "He was also administered the Test of Memory Malingering (TOMM), a measure of malingered memory deficits. Two of the three TOMM indices senstive to malingering were positive;" and "As noted, a degree of motivational artifact was present, a caution is advised with the following medical source statement."]). However, as Plaintiff notes, (see Joint Stip. at 10), the ALJ did not address the validity of the full scale IQ score. Moreover, it is not clear to the Court that Dr. Wylie's statements concerning malingering and "motivational artifact" were directed to the results of Plaintiff's IQ testing. See Thresher v. Astrue, 283 Fed.Appx. 473, 475 (9th Cir. 2008)("We do not doubt that an ALJ can decide that an IQ score is invalid. The regulations' inclusion of the word 'valid' in Listing 12.05C makes the ALJ's authority clear. . . . [W]e remand to the Commissioner for clarification regarding the nature the considerations applied at step 3 and, particularly, precisely what was decided and why.").

Finally, Defendant asserts that the ALJ did not err in failing to consider Listing 12.05C because "Plaintiff did not allege this mental impairment in his application materials or to the ALJ" and "[h]e has consistently maintained that he is disabled due to a seizure disorder and physical problems (AR 149, 310)." (See Joint Stip. at 7). Defendant cites Gregor v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006) for the proposition that an ALJ "does not err by not considering an alleged mental impairment that was not raised with the ALJ" (see Joint Stip. at 7). In Gregor, supra, the court found that, because the claimant, "who was represented by counsel at all times, failed to claim PTSD as a basis for his disability[,]" the issue was waived. Here, unlike the claimant in Gregor, Plaintiff was not represented by counsel at the time of his hearing (see AR 16) or at the time he requested the Appeals Council to review the ALJ's decision (see AR 7). Moreover, although Plaintiff may not have specifically alleged intellectual disability as an impairment (see AR 149 [In the Disability Report - Adult report, Plaintiff alleged that seizures, left broken shoulder, back problems and neck pain limited his ability to work], 310-11 [Dr. Wylie noted that "no family members have apparently been hospitalized for treatment of mental disorder"]), the ALJ clearly was aware of Plaintiff's full scale IQ score (see SAR 730), and considered whether Plaintiff had a severe mental impairment (cognitive disorder) (see SAR 727-28). Therefore, Plaintiff's failure to specifically allege intellectual disability as an impairment did not relieve the ALJ from the duty to address whether Plaintiff's impairment or combination of impairments met or equaled Listing 12.05C. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)("In Social Security Cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.")(quoting Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)).

///
///
///

**B.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

Since the ALJ failed to properly consider whether Plaintiff's impairments meet listing 12.05C, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[5]

---

[5]   The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on Plaintiff's claims regarding the ALJ's alleged failure to properly assess the opinion of the neuropsychological consultative examiner (see Joint Stip. at 11-13, 18-19), the ALJ's alleged failure to properly consider all of Plaintiff's severe impairments (see Joint Stip. at 20-22, 27-30), and the ALJ's alleged failure to properly assess Plaintiff's testimony regarding his pain and limitations (see Joint Stip. at 30-33, 39-41). Because this matter is being remanded for further consideration, these issues should also be considered on remand, if necessary.

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 5, 2015.

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE